## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Allison Hargrave, | Case No. 18-CV-2614 (JRT/HB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden Nanette Barnes, | |
| Respondent. | |

Petitioner Allison Hargrave pleaded guilty in the United States District Court for the Western District of Louisiana to one count of coercion or enticement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b).  *See United States v. Hargrave*, 470 Fed. App'x 355, 355 (5th Cir. 2012).  As a result, Hargrave was sentenced to a 360-month term of imprisonment.  *Id*. at 356.  On direct appeal, Hargrave challenged the term of imprisonment as substantively unreasonable—that the 360-month sentence imposed was more than double the high end of the recommended Sentencing Guidelines range for her offense—but the sentence was affirmed.  *See id.*  Hargrave later collaterally attacked her sentence in the Western District of Louisiana pursuant to 28 U.S.C. § 2255 on the grounds that she had not received effective assistance of counsel and that the presiding judge was biased against her, but her § 2255 motion was denied.  *See United States v. Hargrave*, No. 6:13-CV-0929, 2015 WL 1423067 (W.D. La. Mar. 27, 2015).  Hargrave is today incarcerated at the Federal Correctional Institution in Waseca, Minnesota.

Hargrave has filed a petition for a writ of habeas corpus in this District challenging her conviction and sentence [Doc. No. 1]. Hargrave's basis for seeking relief, though, was unclear from the petition. The lone ground for relief in her habeas petition stated only that she was denied "due process." (Pet. at 6.) Hargrave also suggested that a retroactively applicable Supreme Court decision established the illegality of her sentence, but she did not state what that decision was. (*See id*. at 7.) None of these vague or conclusory statements was sufficient to put the government on notice of the specific claim being raised by Hargrave. Accordingly, the Court asked Hargrave to clarify her grounds for relief. (Order [Doc. No. 2].) The Court also asked Hargrave to explain why a habeas corpus petition was the appropriate procedural vehicle to raise her claims.

In her response, Hargrave clarifies that she is in fact raising *three* separate claims for relief in her habeas petition. First, Hargrave argues that the offense for which she was convicted is no longer a "crime of violence" following the Supreme Court's recent decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and thus "Hargrave's sentence [should] be vacated and remanded so that the execution of her sentence is in compliance with the law." (Pet'r's Resp. at 3 [Doc. No. 5].) Second, citing *Paroline v. United States*, 572 U.S. 434 (2014), Hargrave argues that the government failed to meet its burden of proof in establishing the amount of restitution to be imposed at sentencing. Third, Hargrave argues that the prosecution withheld its witness list from her trial attorney in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

"It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . .

and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to her original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of her detention. *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). This provision is generally known as the exclusive-remedy rule, and the "inadequate or ineffective remedy" exception to the exclusive-remedy rule is often referred to as the "savings clause." *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).

Neither the Supreme Court nor the Eighth Circuit Court of Appeals has set forth the exact contours of the savings clause. It is clear, however, that the savings clause applies very narrowly. For example, "[i]t is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Abdullah*, 392 F.3d at 959. Thus, it is not enough to show that a motion under § 2255 would now be untimely, or that the motion would now require authorization due to being "second or successive." *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (collecting cases). At a minimum, the petitioner seeking to invoke the savings clause must show that she "had no earlier procedural opportunity to present [her] claims." *Abdullah*, 392 F.3d at 963; *accord*

3

*United States v. Barrett*, 178 F.3d 34, 52 (1st Cir. 1999) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255.").

None of Hargrave's three claims fits within the savings clause. Accordingly, the Court lacks jurisdiction over Hargrave's habeas petition.

First, with respect to Hargrave's *Dimaya* claim, some, though not all, circuits have concluded that habeas corpus relief is appropriate where, as Hargrave argues is the case here with *Dimaya*, the petitioner relies on a new rule of statutory law made retroactive to cases on collateral review. *See United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018); *Harrington v. Ormond*, 900 F.3d 246, 249 (6th Cir. 2018); *In re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998); *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997). *But see McCarthan v. Director of Goodwill Industries–Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc) (rejecting prior savings-clause jurisprudence); *Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011). The Court need not determine in this case whether retroactive application of a new rule of statutory law is a sufficient basis to justify invocation of the savings clause, because *Dimaya* did not establish a rule of statutory law. *Dimaya* declared the "residual clause" of 18 U.S.C. § 16(b) void for vagueness, that is, too arbitrary and indistinct to comport with the constitution's guarantee of due process. *See Dimaya*, 138 S. Ct. 1204, 1212-13. In this respect (and in many others), *Dimaya* closely and expressly tracks the rule established by *Johnson v. United States*, 135 S. Ct. 2551 (2015), which itself was determined to be a new rule of constitutional law, not statutory law, *see Welch v. United States*, 136 S. Ct. 1257 (2016);

*Russo v. United States*, 902 F.3d 880, 881 (8th Cir. 2018) ("[T]he Court in *Johnson* announced a new rule of constitutional law . . . ."). *Dimaya*, like *Johnson*, declared not that courts' previous understanding of the scope of the relevant statute was incorrect, but that the statute itself (or at least a portion thereof) was invalid on constitutional grounds. This is a constitutional holding, not a statutory holding. And claims based on new rules of constitutional law made retroactive to cases on collateral review may always be brought under § 2255, although authorization from the appropriate court of appeals is required before such a claim may be presented in a second or successive motion under § 2255. *See* 28 U.S.C. § 2255(h)(2). Because § 2255 is available for a claim brought under *Dimaya*, that provision is the exclusive remedy for such claims.[1] *See* 28 U.S.C. § 2255(e).

Second, Hargrave attempts to challenge the amount of restitution imposed by the sentencing court. Only in exceptional circumstances (if at all) may a defendant challenge a restitution judgment in a petition for a writ of habeas corpus, a procedural vehicle more appropriately used to attack the legality of *confinement* or *custody*. *See, e.g.*, *Sample v. Roal*, No. 09-CV-1943 (PAM/JJK), 2010 WL 2131002, at *3-4 (D. Minn. Mar. 1, 2010). Hargrave has not pointed to any exceptional circumstances to justify departure from that

---

[1] This Court lacks jurisdiction over the *Dimaya* claim in light of the exclusive-remedy rule of § 2255(e). That said, even if the Court had jurisdiction, it is difficult to see how *Dimaya* applies to the circumstances of Hargrave's case. Contrary to Hargrave's contention in her briefing, nothing in § 2422(b) requires a finding that the defendant have engaged in a "crime of violence" or the like. Moreover, there is no indication that Hargrave was subject to any provision of the Sentencing Guidelines that relied upon a finding that Hargrave had committed a "crime of violence," whether as the instant offense or previously.

rule. Although Hargrave cites *Paroline*, which limited the mandatory restitution requirement of 18 U.S.C. § 2259 only to damages proximately caused by the defendant's offense, as causing a change in the law since the time her sentence was entered, her claim at bottom is simply that the probation office, not the prosecutor, calculated the amount of restitution that was imposed, and thus, Hargrave argues, the government did not meet its burden of proof. (Pet'r's Resp. at 4.) But Hargrave had an opportunity at sentencing to object to the calculation made by the probation office—an opportunity that, by all indications, she declined. *See* Sentencing Tr., *United States v. Hargrave*, No. 6:10-CR-0164 (W.D. La.), ECF No. 76. The initial calculation of restitution by the probation office was entirely consistent with Fed. R. Crim. P. 32(d)(2)(D), and the sentencing court was entitled to "accept any undisputed portion of the presentence report as a finding of fact," Fed. R. Crim. P 32(i)(3)(A). It is too late now for Hargrave to object to the presentence report.

Third, Hargrave argues that the government failed to turn over a list of potential witnesses to her defense counsel, in violation of *Brady*. Although Hargrave states that she only just learned of this mistake and thus could not have raised the claim previously, it is difficult to see how this could possibly be true; whether the prosecution did or did not provide a list of witnesses during the criminal proceedings is information that could have been discovered in anticipation of Hargrave's direct appeal or § 2255 motion. Accordingly, the exclusive-remedy rule again applies to this claim. *See* 28 U.S.C. § 2255(e). In any event, "[t]he government is not required to give the defendant in a

noncapital case a list of its witnesses." *United States v. Porter*, 850 F.2d 464, 465 (8th Cir. 1988).

In conclusion, the Court lacks jurisdiction over Hargrave's habeas corpus petition. That petition should therefore be dismissed without prejudice.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** the petition for a writ of habeas corpus filed by Allison Hargrave [Doc. No. 1] be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Dated: November 28, 2018            s/ *Hildy Bowbeer*
                                    Hildy Bowbeer
                                    United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).