# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| ALLISON HARGRAVE,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN NANETTE BARNES,<br><br>Defendant. | Civil No. 18-2614 (JRT/HB)<br><br>**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

Allison Hargrave, Reg. No. 15303-043, FCI – Waseca, P.O. Box 1731, Waseca, MN 56093, *pro se*.

Ana H. Voss and Ann M. Bildtsen, Assistant United States Attorneys, **OFFICE OF THE UNITED STATES ATTORNEY**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for defendant.

Petitioner Allison Hargrave pleaded guilty to attempting to entice a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b). *See United States v. Hargrave*, 470 F. App'x 355, 355 (5th Cir. 2012). She was sentenced to a 360-month term of imprisonment by the United States District Court for the Western District of Louisiana. *Id* at 356. On September 7, 2018, she filed a 28 U.S.C. § 2241 habeas corpus petition in this court, seeking to collaterally attack her sentence. (Pet., Sept. 7, 2018, Docket No. 1.) On November 28, 2018, Magistrate Judge Hildy Bowbeer filed a Report and Recommendation ("R&R") to dismiss Hargrave's petition, without prejudice, for lack of jurisdiction. (R. & R. at 7, Nov. 28, 2018, Docket No. 6.) Hargrave objected to the R&R. (Pet'r's Resp., Dec.

20, 2018, Docket No. 7.) Because the Court lacks jurisdiction or otherwise finds the petition deficient, the Court will overrule Hargrave's objection, adopt the R&R and deny Hargrave's petition.

Hargrave's § 2241 petition asserted three claims for relief. First, she argued that the Supreme Court's *Sessions v. Dimaya* opinion—which held that the term "crime of violence" as defined in an immigration statute was unconstitutionally vague—applies to her case. (*See* Pet'r's Resp. to Ct. Order at 3, Oct. 18, 2018, Docket No 5.) Second, she argued that sentencing court's decision regarding her restitution was invalid because the government did not comply with the relevant statute. (*Id.* at 4.) Finally, she argued that the prosecution team in her case committed a *Brady* violation when it failed to provide her and her attorney with a witness list. (*Id.* at 4-5.)

The Magistrate Judge found that the Court lacks jurisdiction to hear Hargrave's *Dimaya* argument because the exclusive remedy for such an argument is through a 28 U.S.C. § 2255 motion, which may only be filed with the sentencing court. 28 U.S.C. § 2255(a). Hargrave acknowledges that a § 2255 motion is the appropriate remedy, but states that she cannot file that motion with her sentencing court because it would be her second such motion and would require pre-authorization. 28 U.S.C. § 2255(h). Hargrave, therefore, requests authorization from the Court. However, as § 2255(h) makes clear, authorization to file a second § 2255 motion can only be given from the "appropriate court of appeals." *Id.* The appropriate court of appeals in this case would be the Fifth Circuit. Accordingly, the Court cannot grant Hargrave's request.

Regarding Hargrave's restitution argument, the Magistrate Judge concluded that restitution can only be challenged through a § 2241 petition in exceptional circumstances, and that Hargrave had not shown any such circumstances. Hargrave, in response, simply reiterates her position that her restitution was calculated in violation of 18 U.S.C. § 2259. Because Hargrave has not provided any reason why a § 2241 petition is appropriate to challenge her restitution the Court will deny her request.

Finally, the Magistrate Judge found Hargrave's *Brady* argument unpersuasive in part because Hargrave could have asserted the argument in her initial § 2255 motion. Hargrave does not respond or object to this point. Because Hargrave's *Brady* argument could have been raised in her earlier § 2255 motion, the Court lacks jurisdiction to hear it in this § 2241 petition.[1] *See* 28 U.S.C. § 2255(e).

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Magistrate Judge's Report and Recommendation [Docket No. 6] is **ADOPTED**.

---

[1] Hargrave notes in her objection that her "defense counsel was 'ineffective' for allowing the government to 'skate around' turning over a witness list and statements." (Pet'r's Resp. at 3.) Because this is the only time it is mentioned, it is not clear if Hargrave is attempting to state an ineffective assistance of counsel claim. However, even if she was, such a claim should have been brought in her earlier § 2255 motion, and the Court therefore lacks jurisdiction to hear it now.

2. Petitioner Hargrave's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: February 5, 2019　　　　　　　　　　_____s/John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　United States District Court